IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE G., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:22-CV-1969 <br><br> Judge Graham <br><br> Magistrate Judge Bowman |

**OPINION AND ORDER**

Plaintiff Stephanie G. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court for consideration of Plaintiff's September 19, 2023 objections to the September 5, 2023 report and recommendation ("R&R") of the Magistrate Judge, recommending that the Court affirm the Commissioner's determination and dismiss the matter. For the reasons stated below, the Court overrules Plaintiff's objections.

**I.     Background**

Plaintiff applied for disability insurance benefits and supplemental security income in late 2019, claiming disability beginning as of August 28, 2017. Tr. 764-71. Her application was denied initially and upon reconsideration. Tr. 614-23, 626-33.

Plaintiff filed the instant case appealing the Commissioner's decision on April 15, 2022. Doc. 1. The Magistrate Judge issued a R&R recommending that the Court affirm the Commissioner's decision. Doc. 13. Plaintiff timely filed objections to the R&R. Doc. 14. The government responded to the objections. Doc. 16.

1

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III. Plaintiff's Objections

Plaintiff asserts that the Magistrate Judge erred in concluding that the ALJ properly evaluated opinions provided by Dr. Westra and Dr. Love.

ALJs consider specific categories of evidence, including medical opinions, when making disability determinations. *See* 20 C.F.R §§ 404.1513(a)(2), 416.913(a)(2). The evidentiary weight of medical opinions is determined by considering five factors: (1) supportability; (2) consistency;

(3) relationship with the claimant; (4) specialization and (5) other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors and are generally the only ones on which ALJs are required to articulate. 20 C.F.R. § 404.1520c(b)(2). Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "In other words, the supportability analysis focuses on the physicians' explanations of the opinion." *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *2 (E.D. Mich. Mar. 30, 2022) (cleaned up).  As for the consistency factor: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The subject of Plaintiff's objections is the ALJ's discussion of Dr. Westra's and Dr. Love's opinions. With respect to Dr. Westra's opinion, the ALJ found:

> The undersigned has read and considered the opinion of Dr. Westra evidenced at Exhibit 13F. The provider noted the claimant could stand/walk less than 2 hours, sit for 2 hours, would need breaks every 2 hours for 30 mins, would need a cane for pain and insecurity, would be off task 25 percent of the day, and would miss more than 4 days of work per month. The undersigned finds that while reducing in exertional capacity including standing/walking is supported by the evidence of record the severity of the reduction noted by Dr. Westra is not supported by the objective treatment evidence of record demonstrating ongoing 5/5 strength in the extremities, lack of sensory deficits or neurological deficits, normal gait, and normal gait and station with normal muscle tone (Exhibits 10F; 14F; 17F). The undersigned finds the requirement for an assistive device also inconsistent with the evidence show no atrophy or weakness, intact strength, intact muscle tone, and normal gait/station. The undersigned finds the off task limitation less consistent with the record because the claimant noted improvement in her symptoms,

3

>including pain with the conservative treatment using therapy interventions, TENS unit, and medication management. The undersigned finds the limitation noting absences from the workplace inconsistent with the evidence of record. The claimant was not involved in a treatment modality that required a recovery period nor was the claimant requiring recurrent emergent treatment for symptoms described as intractable pain. Further, the claimant did not require hospitalization for extended duration related to her documented conditions and evidenced symptoms. Therefore, the undersigned finds the opinion of Dr. Westra less persuasive.

Tr. 124.

>With respect to Dr. Love's opinion, the ALJ found:

>The undersigned has read and considered the opinion of Dr. Love, the claimant's chiropractor evidenced at Exhibit 12F. Dr. Love opined the claimant could stand/walk 4 hours during the day; could sit for 6 hours during the day; would need undefined unscheduled breaks; would be off task 20 percent of the time; would have good and bad days; and would absent approximately 4 days per month. Dr. Love was the claimant's chiropractor and performed chiropractic manipulation treatments on the claimant during 2020 (Exhibit 11F). The undersigned finds the reduction in physical exertional capacity specifically standing/walking consistent with the evidence of record documenting low back pain, joint stiffness, bilateral foot pain, and her obese body habitus. The undersigned finds the time off task limitation less persuasive, as the record supports the claimant continued to engage in routine activities that required sustained attention despite her reports of pain, including watching television, playing video games, reading, and watching her nephew. The undersigned finds the off task limitation was also not consistent with the evidence showing her symptoms continued to remain generally controlled/stable with the use of conservative treatment, such as pain medication and muscle relaxers. The undersigned finds the opinion that the claimant would be absent from work 4 days per month inconsistent with the evidence of record. The record does not support the claimant was participating in treatment with a recovery period nor did the claimant receive recurrent emergent treatment resulting in hospitalizations of any extended duration. The undersigned finds the suggested limitation requiring breaks less persuasive because the provider was unable to quantify how many breaks the claimant would need and for what duration the breaks would be needed. The undersigned therefore overall notes Dr. Love's opinion is no more than partially persuasive as discussed herein.

Tr. 124-25.

Plaintiff asserts that both of the above discussions fail to address the supportability of the opinions. The Court disagrees. As explained above, the supportability factor focuses on the medical source's explanations: "the more relevant the objective medical evidence and supporting

4

explanations by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions will be." 20 C.F.R. § 416.920c(c)(1). Here, the ALJ referred at length to the evidence in the record which undermines the supportability and consistency of the opinions offered by these two providers. The ALJ clearly considered and addressed the issues of supportability and consistency and Plaintiff's objections are without merit.

## IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections, Doc. 14, adopts and affirms the Magistrate Judge's report and recommendation, Doc. 13, and dismisses this matter. The clerk is directed to enter final judgment.

**IT IS SO ORDERED.**

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 23, 2023